Charles J. FRENTHEWAY, Captain, U.S.A.F., M.C., F.S., Plaintiff,

v.

Warren Air Force Base Commanding Officer, Colonel Kenneth D. BODENHAMER, Secretary of The Air Force, John C. Stetson, and Secretary of Defense, Harold S. Brown, and United States of America, Defendants.

No. C77–174B.

United States District Court, D. Wyoming.

Sept. 20, 1977.

Patrick E. Hacker, Cheyenne, Wyo., for plaintiff.

Toshiro Suyematsu, U. S. Atty., District of Wyoming, Cheyenne, Wyo., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

BRIMMER, District Judge.

The above-entitled matter having come on for hearing upon the Plaintiff's application for a preliminary injunction before the Court on September 2, 1977, Plaintiff appearing by and through his attorney, Patrick E. Hacker, Esq., and Defendants appearing through Assistant United States Attorney, Toshiro Suyematsu, Esq., and the Court having heard the evidence adduced for and on behalf of the parties herein, and having considered the pleadings, testimony and exhibits relevant to the matters in dispute, and the authorities submitted by counsel in support of their theories of the case, and the Court having taken under advisement whether to consolidate this hearing with a hearing on the merits and now finding that it should be so consolidated as a hearing on the merits under the provisions of Rule 65(a)(2), F.R.C.P. because a subsequent hearing on the merits would not produce anything more than corroborating evidence for the Defendants, as shown by the affidavit of Audrey M. Keif attached to Defendants' brief; and the Court being fully advised in the premises, makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. The Plaintiff, Captain Charles J. Frentheway, is a physician and surgeon in the United States Air Force stationed at Warren Air Force Base in Cheyenne, Wyoming.

2. Jurisdiction in this matter is based on 28 U.S.C. Sections 1346 and 2201.

3. On November 4, 1976, the Plaintiff entered into a contract for Extension of Enlistment which provided in pertinent part that:

(a) Plaintiff would be assigned as a flight surgeon to Warren Air Force Base for the period of June 20, 1977, to June 19, 1979;

(b) Plaintiff was to receive Variable Incentive Pay as a bonus for reenlisting, which for Plaintiff's rank and assignment would have been $12,500 per annum, or $25,000 for the 2-year period of service.

4. On November 30, 1976, the said contract was approved and accepted by the Defendants, acting by and through the Military Personnel Center of the United States Air Force.

5. When Plaintiff reported to Warren Air Force Base on or about June 20, 1977, he then learned that in order for him to receive the Variable Incentive Pay, the Plaintiff must have executed Air Force Form 2292. That form specified when the Variable Incentive Pay was to be paid, and it was required to be executed following the date of Air Force acceptance of the contract and anytime prior to thirty (30) days before the commencement of the new enlistment period. Plaintiff had never executed Form 2292, and was not asked to do so until he arrived at Warren Air Force Base to commence his next tour of duty. It was the responsibility of the Consolidated Base Personnel office at Plaintiff's former duty station under applicable Air Force Regulations to insure Plaintiff's execution of said Variable Incentive Pay Agreement, but that Air Force personnel at his previous duty station, Webb Air Force Base, had neglected to obtain such an executed agreement and in fact had assured Plaintiff on April 1, 1977 that he had signed all necessary documents.

6. Shortly after June 20, 1977, the date on which Plaintiff's reenlistment began, the Plaintiff tried unsuccessfully to obtain his Variable Incentive Pay. The payment, which would have been $12,500 per annum during the Plaintiff's 2-year contract period, was not authorized because the Plaintiff had not executed said Form 2292.

7. Plaintiff at all times has been ready, willing and able to perform the Extension of Enlistment Contract (even though he admittedly had made inquiries as to the possibility of cancelling said contract because of civilian employment opportunities in Cheyenne, Wyoming), and has in fact been on active duty working since June 20, 1977 as a family practice physician at Warren Air Force Base. He was not assigned as a flight surgeon because there was no need for his services in that capacity.

8. Because Form 2292 for Variable Incentive Pay was not executed by the Plaintiff, the Defendants refused to perform the Plaintiff's contract relative to Variable Incentive Pay unless the Plaintiff's term of enlistment was extended by him as a new contract for extension of his enlistment extending his term of service and date of separation to a date two years subsequent to the date of its execution. Defendants' regulations required that the Variable Incentive Pay contract could then be signed concommitantly with the extension agreement, but that it could not be signed to provide for variable incentive pay for the remaining portion of Plaintiff's reenlistment from June 20, 1977 to June 19, 1979.

9. Defendants will not waive their regulatory requirements so as to rectify the mistake which was due to Defendants' own error. The Defendants have refused to pay the Variable Incentive Pay provided for in the enlistment contract.

10. Although personnel of the Defendants suggested to Plaintiff that he could back-date and sign his Variable Incentive Pay contract, he refused to do so upon advice of counsel. After the error was first discovered, Defendants on June 29, 1977 asked him to contract to extend his enlistment by 9 days, which he refused to do.

11. Although the Plaintiff could have petitioned the Board of Correction of Records for relief, there is no certainty that it would have acted favorably thereon. Meanwhile, the Plaintiff would have to remain in military service while an essential element of the contract, the incentive pay, was not paid by Defendants.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over both the parties and the subject matter of this action.

278

■ 2. The Extension of Enlistment Contract which was executed by the parties herein, contained an essential element providing for variable incentive pay to the Plaintiff which has not and will not be paid unless the Plaintiff extends his enlistment, which he has no legal duty to do. Since Defendants refuse to waive Air Force regulations requiring the Variable Incentive Pay Contract, Form No. 2292 to be signed, at or prior to commencement of the 2-year term of enlistment, the contract has become impossible to perform according to the original terms.

■ 3. Since enlistment contracts are governed by general principles of contract law, and when performance of such a contract has become impossible by subsequent events (in this case, the inability of the Defendants to pay the variable incentive pay to the Plaintiff without an extension of his term of service past June 19, 1979), the performance of the contract by the Plaintiff is thereby excused and the Extension of Enlistment Contract executed by him on November 1, 1976 must therefore be rescinded and terminated.

■ 4. The fact that there is a dispute of fact between the Plaintiff, who denies that he talked with Audrey Kief, Personnel Section, Randolph Field Air Force Base, on June 17, 1977, and the Defendants, who assert by way of Mrs. Kief's affidavit that Mrs. Kief talked to the Plaintiff on June 17, 1977, 3 days before commencement of his enlistment period and told him that if he initiated the Variable Incentive Pay Agreement and had it approved by his immediate commander prior to June 21, 1977 he would receive his incentive pay for the full period, is now immaterial because he did not initiate the agreement and obtain its approval, nor was it his obligation to do so, and because on June 29, 1977 Mrs. Kief said that he could get his incentive pay only if he extended his date of separation by 9 days, which he was not legally obligated to do. Thus, the Plaintiff cannot today sign Form 2292 and designate the manner for payment of his incentive pay without extending his term of enlistment and because of the refusal of Defendants to waive their regulations and cut through their "red tape," the contract has become impossible to perform. That impossibility is more than a mere inconvenience for it requires additional service beyond June 19, 1979, which Plaintiff is not obligated to render. The essential facts are before the Court and this matter should now be disposed of on its merits.

■ 5. Although the Plaintiff had made inquiries as to the possibility of terminating the contract so that he could accept a position as a surgeon in a private hospital in Cheyenne, Wyoming, the Plaintiff has acted in good faith and has been willing to perform his contract of enlistment provided that it was not extended beyond June 19, 1979 and that he was paid his incentive pay for the full period of his 2-year enlistment. The Defendants' contention that Plaintiff first breached the contract by not signing the incentive pay contract prior to June 21, 1977 is not decisive because (1) the Defendants, not the Plaintiff, had the responsibility of initiating the incentive pay contract and never presented one to Plaintiff which he refused to sign, (2) the Plaintiff at that point thought that the contract was binding upon him and only later, when he was required to extend his tour of duty to get his incentive pay, did he refuse to sign the incentive pay agreement, and (3) the refusal to sign the incentive pay contract did not create the impossibility of performance which was created by the Defendants' inability to present Plaintiff with an incentive pay contract fitted to the circumstances of his initial enlistment contract.

6. The Plaintiff is not seeking damages for breach of contract and therefore has no monetary claims against Defendants.

7. A preliminary injunction is not required and should not issue herein in view of the decision of this matter upon its merits. The Plaintiff should be released from active military service as of this date.